# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| ROY M. BARTLETT, | Case No. 18-cv-07550-EMC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND STAY OF REMAND ORDER** |
| CITIBANK, N.A., et al., | |
| Defendants. | Docket No. 13 |

On January 4, 2019, this Court found, for the third time, that Defendant Marci Patera had improperly removed this wrongful foreclosure action from the Contra Costa Superior Court, and accordingly remanded the case. Docket No. 10 ("Order"). On January 10, 2019, Ms. Patera moved for reconsideration of the Order and sought to stay remand. Docket No. 13 ("Mot."). For the reasons discussed below, the motion is **DENIED**.

## I. DISCUSSION

As an initial matter, Ms. Patera filed her motion for reconsideration without first obtaining leave of the Court to file the motion, as required by Local Rule 7-9. *See* N.D. Cal. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").

The motion is also lacking on the merits. Ms. Patera contends that reconsideration is warranted because there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which [she] presented to the Court" in removing the case. N.D. Cal. Civ. L.R. 7-9(b)(3). She lists four specific facts and arguments she believes the Order failed to consider.

First, Ms. Patera argues that the Order misconstrued the requirements for removal

1    jurisdiction. *See* Mot. at 5. "A petition for removal under § 1443(1) must satisfy the two-part test

2    articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966)."

3    *Patel*, 446 F.3d at 998–99. "First, the petitioners must assert, as a defense to the prosecution,

4    rights that are given to them by explicit statutory enactment protecting equal racial civil rights."

5    *Id.* "Second, petitioners must assert that the state courts will not enforce that right, and that

6    allegation must be supported by reference to a state statute or a constitutional provision that

7    purports to command the state courts to ignore the federal rights." *Id.* Ms. Patera rightly points

8    out that removal under § 1443(1) need not always be "bas[ed] on [a] 'formal expression' of state

9    law." Mot. at 5; *see Rachel*, 384 U.S. at 803. The Supreme Court has held that "removal might be

10    justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be

11    shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the

12    specified federal rights in the state court." *Id.* at 804; *see also Johnson v. Mississippi*, 421 U.S.

13    213, 219 (1975) (emphasizing that it is an "unusual case where" such an "equivalent basis could

14    be shown"). Ms. Patera believes that she has identified a discriminatory state court rule that

15    prevents her from enforcing her federal rights—the rule that official court reporters are not

16    provided in certain civil cases, and that fee waivers for indigent litigants do not apply to private

17    court reporters hired in lieu of official court reporters. *See* Mot. at 7–10. One problem with Ms.

18    Patera's argument is that "the court policy in question is [now] invalid," because the California

19    Supreme Court held earlier this year that "an official court reporter, or other valid means to create

20    an official verbatim record for purposes of appeal, must generally be made available to in forma

21    pauperis litigants upon request." *Jameson v. Desta*, 420 P.3d 746, 749 (Cal. 2018). Another

22    problem is Ms. Patera has not demonstrated how the lack of a transcript prevented her from

23    vindicating her federal rights in state court.

24    Second, Ms. Patera contends the Order cited two inapposite cases about removal

25    jurisdiction: *Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006) and *Wasniowski v. Davila*, No.

26    C 16-03251 WHA, 2016 WL 3709556 (N.D. Cal. July 13, 2016). She argues that *Patel* has no

27    relevance because it involved the removal of an arbitration petition from state court, whereas she

28    removed this case "under . . . civil rights acts." Mot. at 3. But *Patel* clearly states that the removal

petition there, like Ms. Patera's petition here, was filed under 28 U.S.C. § 1443(1) and similarly premised on alleged "civil rights violations under 42 U.S.C. §§ 1981, 1983, and 1985(3)." 446 F.3d at 998. Ms. Patera next argues that *Wasniowski* is distinguishable because removal there was based on 28 U.S.C. § 1441(a) rather than § 1443(1). Mot. at 3. This is belied by *Wasniowski*. It is true that *Wasniowski* was removed under § 1441(a), but the defendant there also "invoked Section 1443(1) . . . in her opposition to remand" and the court expressly held that § 1443(1) did not confer removal jurisdiction. 2016 WL 3709556, at *3. Ms. Patera finally claims that *Wasniowski* "did not involve a state statute/court rule that interposed a bar to enforcing federally protected rights," whereas "[i]t is clear that the prosecution of Patera" in state court is "motivated by discrimination." Mot. at 4. But just as in *Wasniowski*, none of the state statutes she references in her notice of removal "contains . . . facially discriminatory language . . . [or] den[ies] any federally protected right." *Wasniowski*, 2016 WL 3709556, at *3. Thus, the state statutes do not "purport[] to command the state courts to ignore the federal rights" Ms. Patera asserts, a requirement for removal under § 1443(1). *Patel*, 446 F.3d at 998–99.

   Third, Ms. Patera takes issue with the Order for not addressing *Artis v. D.C.*, 138 S. Ct. 594 (2018). *See* Mot. at 5. She neglects to mention that the Court already discussed *Artis* in response to her second attempt to remove this case, and explained that *Artis* "has nothing to do with the scope of federal jurisdiction; rather, it held that the statute of limitations for state law claims in cases involving supplemental jurisdiction is suspended for the duration of federal proceedings." *Bartlett v. Citibank N.A., et al.*, No. 17-cv-07360-EMC (N.D. Cal. filed Dec. 29, 2017) ("*Bartlett II*"), Docket No. 30 at 3. The holding of *Artis* is limited to state law claims; thus, if Ms. Patera seeks to argue that she has state law claims that are timely under *Artis*, that argument is appropriately made in state court.

   Finally, Ms. Patera claims her most recent notice of removal was not untimely because of "two documents that had been received within the 30 days prior to removal"—"a Remitturer [*sic*] issued to Judge Craddick on November 13, 2018 and a brief filed by Bartlett on November 14, 2018." Mot. at 7. Ms. Patera is correct that "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper

3

from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). In other words, to supply a timely basis for removal under § 1443(1), the two documents Ms. Patera cites must show that she has "rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights" which "state courts will not enforce" due to "a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 998–99. The documents do not. The brief she references is a motion to remand Plaintiff Bartlett filed in federal court in the Northern District of Illinois after Ms. Patera attempted to remove a foreclosure case from Illinois state court, apparently for the sixth time. *See* Docket No.1, Exh. 12. Nothing in the brief suggests that Ms. Patera's federal civil rights were somehow being obstructed; the brief merely argues that removal was improper under federal law. *See id.* at 2–7. And Ms. Patera has not filed a copy of the remittitur, only a copy of the state court docket showing that a remittitur was filed. *See* Mot., Exh. C. Thus, she has not met her burden of demonstrating that these documents render her notice of removal timely.

Accordingly, Ms. Patera's motion is **DENIED**, and the case shall be remanded to Contra Costa Superior Court. Ms. Patera is cautioned against making any other attempt to remove the case absent a sound and good faith basis. Any further attempt will be subject to sanctions Federal Rule of Civil Procedure 11.

This order disposes of Docket No. 13.

**IT IS SO ORDERED**.

Dated: January 15, 2019

_____
EDWARD M. CHEN
United States District Judge

4